IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORREST RICHARDSON,

      Petitioner,                No. CIV S-08-2964 FCD EFB P

    vs.

JAMES YATES,

      Respondent.              FINDINGS AND RECOMMENDATIONS
_____/

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He challenges the constitutionality of his conviction for battery on a peace officer following prison disciplinary proceedings. Respondent moves to dismiss on the ground that the petition fails to state a cognizable claim.

**I.**    **Introduction**

Respondent argues that the punishment imposed on petitioner did not affect the duration of petitioner's confinement and, therefore, cannot support a federally cognizable claim. As discussed below, to proceed on his claim petitioner must allege facts showing that the discipline imposed affected the duration of his confinement. The records submitted by petitioner demonstrate that the action taken against him did not affect the duration of his sentence. Therefore respondent's motion must be granted.

## II. Facts

On February 13, 2007, petitioner had an altercation with a prison guard. Petition, Ex. B at 17. Ultimately, the guard filed a prison rules violation report charging petitioner with battery on a peace officer. *Id.* An investigation was conducted and a disciplinary hearing was scheduled. *Id.* at 19-23. During the investigation, prison officials identified several guards and prisoners as witnesses they believed had relevant information and obtained statements from them. *Id.* at 22-23. Prison officials informed petitioner of their investigation and what it had revealed. *Id.* They also told him that he could call his own witnesses, including those prison officials had not located. *See Id.*

At the hearing, petitioner requested permission to offer testimony of fellow prisoners who had given statements to an investigating officer. *Id.* at 25. The Senior Hearing Officer[1] denied this request because petitioner could not explain how these witnesses' testimony would differ from the statements they gave during the investigation. *Id.* Ultimately, petitioner declined to call any of the individuals who had been designated as witnesses by the investigator. *Id.* Accordingly, the Senior Hearing Officer considered petitioner's testimony about the events, including his denial of the charges. *Id.* at 26. He also considered relevant written reports, including the rules violation reports and the investigative reports prepared by prison officials. *Id.* at 26. The investigative report included the written statements of petitioner's proposed witnesses.

At the conclusion of the hearing, petitioner was found guilty of battery on a peace officer in violation of Cal. Code Regs. tit. 15, § 3005(d)(1). Petition, Ex. B, at 26. Conviction for this offense exposed petitioner to forfeiture of time credits pursuant to Cal. Code Regs. tit. 15, § 3315(a)(2)(A), 3315(f) . Prison officials also had the authority to "counsel and reprimand" him. §§ 3315(f)(5)(A), 3314(e)(1). However, when prison officials do not notify a prisoner of

---

[1] This person presumably presided over the disciplinary hearing.

2

the charges against him within 15 days of discovering the information leading to the charge, they may not assess a credit forfeiture. Cal. Code Regs. tit 15, § 3320(a). In this case, the Senior Hearing Officer found that prison officials failed timely to notify petitioner of the charges against him. *Id.* at 24. Therefore, the discipline imposed did result in petitioner losing any time credits. Petition, Ex. B, at 26. Instead, he was counseled and reprimanded, and referred to an Institutional Classification Committee for consideration of whether he should be placed in a Segregated Housing Unit pursuant to Cal. Code Regs. tit. 15, § 3341.5. *Id.*

**III.    Standards**

A district court will entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To state a cognizable claim, a petitioner must challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."). With respect to prison disciplinary proceedings, prisoners "may claim the protections of the Due Process Clause. They may not be deprived of life, liberty or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). It is well established that imposing discipline that inevitably will affect the duration of a sentence gives rise to a protected liberty interest entitling the prisoner to due process. *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995); *see also*, *Wolf*, 418 U.S. at 557. However, the fact that a prisoner retains the right to due process "in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Id*. The process due in prison disciplinary proceedings reflect a "mutual accommodation between institutional needs and objectives and the provisions of the Constitution." *Wolf*, 418 U.S., at 553, 556. Therefore, a prisoner facing the possible loss of time credits based on disciplinary charges need only be given written notice of the charges against him and provided the

3

opportunity to confront his accuser at a hearing on the charges. *Id.* at 558-59. Thus, even if a prisoner's sentence is extended by the forfeiture of time credits, the process due is limited.

**A. Analysis**

The question presented on this motion is whether petitioner states a claim that the process he received during a disciplinary hearing was adequate under the Due Process Clause of the Fourteenth Amendment. Respondent argues that petitioner fails to state a federally cognizable claim because the duration of his confinement was not extended. Petitioner argues that a prison disciplinary hearing necessarily requires a wide range of procedural protections, regardless of the punishment imposed.[2]

Here, the applicable regulations authorize punishment for the convicted offense to include a forfeiture of time credits. This would have extended the duration of his confinement. However, prison officials determined that they violated their own rules and that this precluded them from assessing a time credit forfeiture. For that reason they did not impose this punishment. Instead, they counseled and reprimanded petitioner, and referred him to an Institutional Classification Committee for a determination of whether a term in the Segregated Housing Unit was appropriate. Neither of these measures affected the duration of petitioner's confinement. Therefore, assuming that petitioner's disciplinary hearing was defective in the ways he alleges, he fails to present a federally cognizable claim.

////
////
////

---

[2] In this regard, petitioner claims that he was denied due process because: (1) he was not provided with "discovery," i.e., an allegedly exculpatory video-tape of the incident; (2) he was denied the opportunity to confront and to cross-examine witnesses; (3) he was denied the right to call witnesses on his own behalf; (4) the Senior Hearing Officer was neither neutral nor detached; (5) the disciplinary hearings resulted from the charging officer's having purported to enforce a rule that did not exist; and, (6) the evidence was not sufficient to find petitioner guilty of the charge he faced. Petition at 12.

### IV. Conclusion

Accordingly, it is hereby RECOMMENDED that respondent's February 2, 2009, motion to dismiss must be granted on the ground that petitioner failed to state a cognizable claim for relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 15 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 24, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5