IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FORREST RICHARDSON,

      Petitioner,                        No. CIV S-08-2964 FCD EFB P

    vs.

JAMES YATES,

      Respondent.                    ORDER

_____/

    Petitioner has timely filed a notice of appeal of this court's January 21, 2010 denial of his application for a writ of habeas corpus. On April 28, 2010, this Court directed the processing of petitioner's appeal without issuance of a certificate of appealability in reliance on *White v. Lambert*, 370 F.3d 1002, 1004 (9th Cir. 2004) and *Rosas v. Nielsen*, 428 F.3d 1229, 1231-32 (9th Cir. 2005), which held that no certificate of appealability was required in cases challenging an administrative, rather than judicial, decision. Days before the issuance of this order, the Ninth Circuit reversed the portions of *White* and *Rosas* relied on by the Court and held that a certificate of appealability is required regardless of whether the challenged action was taken by an administrative body or a court. *Hayward v. Marshall*, No. 06-55392, 2010 WL 1664977, *5 (9th Cir. Apr. 22, 2010) (en banc). Accordingly, the Ninth Circuit remanded petitioner's case to this Court for the limited purpose of granting or denying a certificate of appealability.

1

1     Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See also* Fed. R. App. P. 22(b). A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

    In this case, petitioner challenges a prison disciplinary action taken against him. This Court concluded that petitioner had not stated a claim cognizable on federal habeas corpus review, because the disciplinary action did not result in a forfeiture of good-time credits and thus only potentially impacted the duration of petitioner's sentence (by potentially impacting his parole eligibility). *See Spencer v. Kemna*, 523 U.S. 1 (1998). As petitioner notes, there is currently some disagreement in the district courts regarding whether disciplinary actions that could impact parole eligibility are challengeable via federal habeas corpus petitions. *See Drake v. Felker*, No. 2:07-cv-0057, 2007 U.S. Dist. LEXIS 91585, *2-7 (E.D. Cal. Dec. 13, 2007). Accordingly, the Court concludes that petitioner has made the requisite showing for issuance of a certificate of appealability on the issue of whether the petition, which challenges the imposition of discipline against petitioner by prison authorities, presents a claim cognizable on federal habeas corpus review.

    Accordingly, IT IS HEREBY ORDERED that a certificate of appealability is issued in the present action.

DATED: June 4, 2010.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE